Kenneth LESPERANCE, husband; Kristine Lesperance, wife, Plaintiffs–Appellees,

v.

CITY OF SPOKANE, Defendant–Appellant.

No. 99–35928.

D.C. No. CV–97–00473–FVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided April 24, 2001.

Before THOMPSON, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM *

### OVERVIEW

Kenneth Lesperance and his wife brought suit against the City of Spokane ("the City") alleging various federal and state law claims arising from Lesperance's employment as a police officer for the City. The City moved for, and was granted, summary judgment on all of Lesperance's claims, with the exception of his state claims of retaliation and constructive discharge. Both claims were subsequently presented to a jury, resulting in a favorable verdict for Lesperance on the retaliation claim. Despite its finding that Lesperance prevailed on his state retaliation claim, the jury awarded him zero dollars in compensatory damages. The district court awarded Lesperance nominal damages of $100.00, adjusted for inflation to $605.57. Lesperance then moved the court for attorney's fees totaling approximately $94,000.00, of which the court awarded approximately $84,000.00. The City appeals the district court's denial of its motion for summary judgment on the issue of retaliation and the district court's award of attorney's fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and AFFIRM the district court's denial of summary judgment, but REVERSE the district court's award of attorney's fees.

### DISCUSSION

The City contends that the district court erroneously denied its motion for summary judgment on Lesperance's retaliation claim. Because a plenary trial on the merits has been conducted in this case, we need not reach the merits of this claim. *See, e.g., Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir.2000) ("[T]he denial of a motion for summary judgment is not reviewable on an appeal from a final judgment entered after a full trial on the merits."); *Herring v. Dep't of Soc. and Health Servs.*, 81 Wash.App. 1, 914 P.2d 67, 76 (Wash.Ct. App.1996) ("[A] ruling denying summary judgment based upon the presence of ma-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

terial disputed facts is not reviewable after trial on the merits." (internal quotations omitted)).

The City next argues that the district court abused its discretion in awarding attorney's fees to Lesperance because his claim did not achieve a sufficient level of success. We review an award of attorney's fees for an abuse of discretion. *See McGinnis v. Kentucky Fried Chicken,* 51 F.3d 805, 810 (9th Cir.1994).

Section 49.60.030(2) of the Washington Revised Code ("Section 49.60.030(2)") enables civil rights plaintiffs to recover "cost of suit including a reasonable attorney's fees." WASH. REV. CODE § 49.60.030(2) (2000). "The Washington Supreme Court has held that 'we look to federal authority for guidance' in resolving issues of reduction in fees for circumstances not mentioned in the statute." *McGinnis,* 51 F.3d at 808 (quoting *Blair v. Washington State Univ.,* 108 Wash.2d 558, 740 P.2d 1379, 1385 (Wash.1987)).

In *McGinnis,* we addressed the relationship between a plaintiff's level of success in litigation and the amount of attorney's fees he may reap under Section 49.60.030(2). In defining the contours of this relationship, we focused predominately on the Supreme Court's opinion in *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). *Farrar* established a bifurcated test for determining whether a party is entitled to attorney's fees under 42 U.S.C. § 1988. First, the moving party must establish that he is the "prevailing party." *Farrar,* 506 U.S. at 109–110. The Supreme Court found this first prong to be satisfied where, as here, a plaintiff is awarded nominal damages. *Id.* at 112. Second, the "prevailing party" must establish that the attorney's fees sought are commensurate with the degree of success obtained. *Id.* at 114–15. Thus, we have held that before awarding attorney's fees

under Section 49.60.030(2), "the district court must answer the question, '[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *McGinnis,* 51 F.3d at 809–10 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

In addressing the level of success achieved by Lesperance, the district court looked beyond his receipt of only nominal damages, and focused instead on what the court termed the "non-monetary aspects of the jury's verdict." The success of Lesperance's retaliation claim, the district court reasoned, was reflected in the fact that "[s]ociety as a whole gains when violations of civil rights are redressed." Further attempting to illustrate Lesperance's success in this litigation, the district court noted:

> Employees in Washington have the right to work in an environment free from discrimination; coupled with that right is the right to complain about perceived acts of discrimination without fear of retaliation. The state legislature has made clear that, whether or not an individual is damaged by the retaliatory actions of his employer, such conduct will not be tolerated. However, to a large extent, the state has delegated to the injured parties the power to enforce its discrimination laws.
>
> .     .     .     .     .
>
> When an individual has been retaliated against by his employer, his ability to redress this wrong within the civil justice system should not be precluded because of the economic circumstances of his individual case. The possibility of an award of attorney's fees allows plaintiffs such as Ken and Kristine Lesperance to retain skilled and competent counsel;

plaintiffs are thereby given an opportunity to right a wrong.

*Id.*

Thus, we are asked to determine whether the district court properly exercised its discretion by relying on the above-mentioned factors in awarding Lesperance attorney's fees. We conclude that it did not.

■ Our holding in *McGinnis* makes clear that where, as here, a plaintiff seeks and obtains only monetary relief, his "level of success" for purposes of attorney's fees must be measured by looking to the amount of money recovered. *See McGinnis,* 51 F.3d at 810. The sole relief sought by Lesperance was money damages in the amount of $3.5 million. Lesperance did not seek, nor was he awarded, injunctive, declarative, or any other form of relief. The jury awarded Lesperance nothing, and the district court awarded Lesperance only nominal damages. To borrow from the rationale of *McGinnis,* "no reasonable person would pay lawyers [$83,902.50] to win [$605.57]." *Id.*

Further supporting our conclusion is the Supreme Court's holding in *Farrar.* The Court stated in *Farrar* that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. *A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party....* When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, *the only reasonable fee is usually no fee at all."* *Id.* at 115 (emphasis added) (internal citations omitted). Turning to the facts before it, the *Farrar* Court concluded that the plaintiff was not entitled to attorney's fees because he had received only nominal damages instead of the $17 million in compensatory damages he had sought. Furthermore, the Court rejected the notion

that the case had benefitted the public, stating, "[t]his litigation accomplished little beyond giving petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way." *Id.* at 114 (quoting *Hewitt v. Helms,* 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)).

Contrary to Lesperance's assertions, the facts before us are easily distinguished from *Wilcox v. City of Reno,* 42 F.3d 550 (9th Cir.1994). We held in *Wilcox* that if a district court elects to award fees in the wake of a judgment for nominal damages, "it must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damages." *Wilcox,* 42 F.3d at 555 (emphasis in the original). Specifically, we held that a district court must note "other *tangible* results—such as sparking a change in policy or establishing a finding of fact with potential collateral estoppel effects...." *Id.* (emphasis added). We affirmed the district court's award of attorney's fees in *Wilcox* after finding that the district court had properly cited several "tangible results" from Wilcox's case that demonstrated the requisite level of success for an award of attorney's fees. Such results included the exposure and alteration of an unconstitutional government policy, as well as the fact that the findings in Wilcox's lawsuit could "be used as a matter of collateral estoppel, if there were other cases like it which arose during that period of time...." *Id.* at 555–56.

The general policy considerations cited by the district court in this case do not reflect the kind of success required to support an award of attorney's fees. Lesperance sought only monetary damages and recovered nothing more than nominal damages. This is not a case in which an unconstitutional policy has been unearthed, nor will the City of Spokane be collaterally

estopped from making similar defenses against future claims of retaliation by similarly injured plaintiffs. Rather, "this litigation accomplished little beyond giving [Lesperance] 'the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated....'" *Farrar*, 506 U.S. at 114.

For the foregoing reasons, we AFFIRM the district court's denial of summary judgment on the retaliation claim, and REVERSE the district court's award of attorney's fees.